JORDAN *v.* LE MESSURIER.

1. APPEAL AND ERROR—EVIDENCE—ADMISSIBILITY—EXCEPTIONS.
    An assignment of error that certain testimony taken on a former trial was received in evidence because the witness was only absent temporarily and had not been subpœnaed, will not be considered on appeal, where the only objection made on the trial was as to its competency and relevancy, no exception taken to the ruling, and the testimony does not appear in the bill of exceptions.

2. NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.
    In an action for personal injuries caused by a runaway horse owned by defendants, evidence examined, and *held*, to have been properly submitted to the jury.

3. TRIAL—NEW TRIAL—ARGUMENT OF COUNSEL—DISCRETION OF COURT.
    A motion for a new trial on the ground of improper argument of counsel was properly denied, where it appears that the trial court did not abuse his discretion in denying the motion.

Error to Wayne; Donovan, J. Submitted November 9, 1908. (Docket No. 111.) Decided December 21, 1908.

Case by Lide Jordan against William J. Le Messurier and Joses T. Le Messurier, copartners as Le Messurier Bros., for personal injuries. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Lehman, Riggs & Lehman,* for appellants.

*Lodge & Brown,* for appellee.

MOORE, J. The plaintiff sued defendants to recover damages because of personal injuries received by her from a runaway horse owned by the defendants. The case was tried before a jury. It is brought here by writ of error.

Plaintiff's account of the accident is as follows:

" I was injured between 9 and 10 a. m. I was going to a place on Porter street, about a block and a half from Baker. I had been at 139 Nineteenth street, a block and a half south of Baker, and had just left there, and I was going to the Hammond & Standish packing house at the corner of Twentieth street and the railroad. I had my wheel with me, and I went right north on Nineteenth street to Baker, and then turned west on Baker, on the south side of Baker. I turned about midway between the curb and the railway track. I was watching carefully. I always watched out where I was going on my wheel. I might say I never had an accident. I never had a puncture of my wheel. I have worn out a good many tires. I was riding slowly. I left 139 Nineteenth street, and rode up to Baker street, and as I was approaching a vacant lot there, I saw the car coming, and I was riding about medium way of the street at my right. I glanced up and saw a car, and I rode up along to Baker street, and I saw the car, that it was coming as though it was coming to a stop. As I approached the intersection of Baker street and Nineteenth street, I saw that I could not cross the crossing without hurrying in front of the car. I turned to my left on the south side of the street going west. I had not any more than turned when I heard a call of some kind. I looked behind me and saw a horse coming. I do not know what the call was. It was some warning. I supposed at the time it was some warning from some one on the car. It seemed behind me, and I looked over my shoulder and saw the horse coming. He was coming kind of back of the car, seemed to be coming kind of cross back of the car. I dismounted my wheel. I had taken but a few steps to go to the curbstone, and a severe blow struck me here on my leg, and knocked me down, and the next moment it seemed my arm was thrown that way, and I felt the wheel run over my arm. I started to get up, and I went down, and I tried again, and got part way up, and some one took hold of me, and I then saw Dr. Kennedy."

It was the claim of the plaintiff that the horse which caused the injury was hitched to a laundry wagon, and that the driver left the horse unhitched, while he went into a house and delivered some laundry work, and that because of this negligence the runaway occurred. It is the claim of defendants that, when the horse was left in the

street, it was secured by letting down a weight upon the street or pavement which was in common use for such a purpose, and that there was no negligence in the way the horse was left.

There are a number of assignments of error. It is asserted that the court erred in permitting the testimony of Dr. Kennedy, given on a former trial, to be read in evidence, because the doctor was only absent temporarily, and upon a visit, and had not been subpœnaed. The only objection made to the admission of this testimony was that it was irrelevant and incompetent. No exception was taken to the ruling of the judge, and the testimony itself does not appear in the bill of exceptions. Under such a record we decline to consider the assignment of error.

It is asserted that the court erred in not granting a new trial, for the reason that the verdict was clearly against the overwhelming weight of testimony. The jury were told that if they found any fault in the plaintiff herself, in her want of care, she could not recover; that, if it was an accident, no recovery could be had.

"Negligence, again, as requested to charge, is the failure to act as a man of usual prudence would act, under like circumstances. If the driver, who was the defendants in this case, was negligent, then the defendants are negligent; but if he was not, and if they had no notice that they had an unsafe horse or a horse of that kind to break and run away, then they are not negligent. * * * If the weight was upon the ground, the driver is not negligent. If it was duly let down in place, it was not his negligence. If the weight was not in place, where a prudent driver would put it, or one of ordinary care, but was left up in the wagon, then the whole case would be right there. You are to weigh and consider all, and every part of this testimony, each and all of the witnesses."

There was testimony which fairly raised the question as to whether the driver let down the weight, and it became a question for the jury.

It is said the court erred in not granting a new trial on the ground of the negligent act of plaintiff in failing to

look where there was no obstruction to her view, or in taking the chance if she did look and saw the horse coming. We do not think it can be said, from this record, as a matter of law, that plaintiff was so negligent in her conduct as to preclude a recovery.

It is said the court erred in not granting a new trial on account of the prejudicial, inflammatory, and unwarranted statements made by the attorneys for the plaintiff. A portion of the argument of counsel for both parties appears in the record accompanied by exceptions. We have examined these arguments with care, and do not think it can be said that the trial judge abused his discretion in denying a new trial because of what was said by counsel.

The other assignments of error have been considered, but do not call for discussion.

Judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MCALVAY, JJ., concurred.