DIER *v.* VOORHEES.

NEGLIGENCE — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — DEATH
ACT—QUESTION FOR JURY.

> In an action under the death act for the negligent killing
> of plaintiff's decedent by collision with a runaway horse
> frightened by collision with defendant's automobile, where
> the evidence shows that decedent was riding north, on a
> bicycle, on .the east side of the street, and, because of a
> head wind, was riding with his head down and failed to
> see the horse coming, he was not, as a matter of law,
> guilty of contributory negligence.

Error to Ingham; Wiest, J. Submitted January 8,
1918. (Docket No. 4.) Decided March 27, 1918.

Case by Augusta Dier, administratrix of the estate
of Rudolph Dier, deceased, against J. Martin Voor-
hees for the negligent killing of plaintiff's intestate.
Judgment for plaintiff. Defendant brings error. Af-
firmed.

*Person, Thomas, Shields & Silsbee,* for appellant.

*W. F. Steinkohl (Walter I. McKenzie* and *Cummins
& Nichols,* of counsel), for appellee.

KUHN, J. On March 2, 1915, one Frank H. Green
was driving a covered laundry wagon, drawn by one
horse, in an easterly direction along Main street west,
in the city of Lansing, and when about 200 feet west
of the corner of Main street and Washington avenue,
his wagon was struck by an automobile, driven by the
defendant, J. Martin Voorhees, who had come up be-
hind the laundry wagon and was attempting to pass it,
going in the same direction on Main street. The col-
lision dished a wheel of the wagon, broke the thills,
otherwise damaged it, and moreover frightened the

horse, which ran away and, at the intersection of Main street and Washington avenue, turned south on the latter street, along which it ran for about four blocks with the wagon still attached, when the driver, Green, was thrown from the wagon, the horse became detached therefrom, and, continuing south on Washington avenue, at a point not far from the intersection of South street, ran into plaintiff's intestate, Rudolph Dier, who was riding a bicycle north along the easterly side of Washington avenue. By this collision Mr. Dier was thrown from his bicycle and instantly killed.

The testimony showed that the horse, after turning onto Washington avenue, kept to the westerly side of the street until he reached a point five or six rods north of South street, where he swerved and crossed the street at quite a sharp angle, and then proceeded south on the easterly side a short distance before the collision, which occurred about ten feet north of the crosswalk of South street. The accident happened a few minutes after 11:30 a. m., while the employees of the Reo factory were coming north on Washington avenue on their way home for the noon hour, many of them on bicycles. Mr. Dier was near the head of the crowd, however, and the testimony was to the effect that there was nothing to shut the horse from his view from the time it was six rods north of South street on the other side till it ran into him. It was a windy day. Mr. Dier had his head down, appeared to be looking down; but two of the witnesses thought he saw the horse a few seconds before it struck him and tried to turn his bicycle toward the curb. While there was some noise on the street, one witness testified that, when he was crossing South street on the east side of Washington avenue, his attention was attracted to the horse, then about seven or eight rods north of South street, on the other side of Washington, by the clatter of its hoofs.

Plaintiff brought suit, under the death act, against Frank H. Green and J. Martin Voorhees, but, on the trial, proceedings were not pressed as to defendant Green. Some testimony was introduced on behalf of defendant Voorhees, and at the conclusion of the trial he moved the court to direct a verdict in his favor on the ground of contributory negligence on the part of plaintiff's intestate. This the court refused to do, and a verdict was rendered in favor of plaintiff for $2,500, whereupon defendant asked the court to enter judgment in his favor notwithstanding the verdict, under Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1915, § 14568 *et seq.*). This motion was also denied.

The sole contention made by the appellant's counsel is that the court erred in refusing to direct a verdict in favor of the defendant for the reason that, as a matter of law, the plaintiff's decedent, under the facts, was guilty of contributory negligence. In the consideration of this question it should be borne in mind that plaintiff's decedent had crossed South street and that Washington avenue, at the point of the accident, is a paved street with double tracks in the center. As is customary, where streets are divided by tracks in this way, traffic divides into two streams, each occupying the right hand side of the street in the direction it is going. Under these circumstances, there was clearly no reason for the plaintiff to look out for vehicles going south on the east side of the street, for, under such circumstances, a vehicle going in that direction would be going counter to the stream of the traffic. Should plaintiff's decedent, as a reasonably prudent man, under these circumstances, be held to have had in his mind the danger of runaway horses or vehicles not under control? The question of negligence in this case, as in all cases, is to be decided upon the facts of the particular case. We are not of the opinion that it can be said that the decedent was guilty of negligence as a matter

of law because he did not see the runaway horse which came down on the other side of the street until almost opposite him and then crossed abruptly over to his side. The cases cited by counsel for appellant are cases where the plaintiff went into places of known danger, such as street intersections, or attempted to cross streets where traffic was the usual and expected thing, without looking to see whether the way was clear. In this line of cases it has been held that, where a person fails to guard against dangers well known as usual and likely to occur, and which ordinarily prudent men would guard against, he should be held guilty of contributory negligence. Of this class are the recent cases of *Tolmie* v. *Taxicab Co.*, 178 Mich. 426, and *Ude* v. *Fuller*, 187 Mich. 483. The situation here presented, however, is entirely different and easily distinguishable from the cases relied upon. We think that the conduct of the plaintiff's decedent was such as to warrant the jury in finding that he acted as a reasonably prudent man would have acted under the circumstances. See *Jordan* v. *LeMessurier*, 155 Mich. 188, and *Winckowski* v. *Dodge*, 183 Mich. 303.

The learned trial judge did not err in deciding that this question was not one of law and acted properly in submitting it to the jury. The judgment should be, and therefore is, hereby affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.