BERRY v. VISSER.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
   Evidence is viewed favorably to plaintiff when examined by the Supreme Court on appeal from denial of motions for directed verdict and for judgment notwithstanding the verdict.

2. AUTOMOBILES — PARKING — VIOLATION OF STATUTE — PROXIMATE CAUSE—QUESTIONS FOR JURY.
   Evidence showing defendants' cattle truck had been parked in easterly lane of north and south 4-lane super highway at dusk in mid-January previous to when it was struck by right front portion of car in which plaintiff was a guest passenger pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic § 403.
[3, 4] 5A Am Jur, Automobiles and Highway Traffic § 405.
   Stopping vehicle on traveled portion of highway as affecting responsibility for collision between vehicles. 131 ALR 562.

sented a question for jury as to whether defendant driver was violating the statute as to illegal parking and as to whether such violation was negligence constituting a proximate cause of the accident (CLS 1956, § 257.612).

3. SAME—SUPER HIGHWAY—PARKING OR STOPPING ON PAVEMENT.
   Parking or stopping an automobile on the pavement on a super highway is not justifiable except in the case of practicable necessity (CLS 1956, § 257.612).

4. SAME—FORESEEABLE CONSEQUENCES OF NEGLIGENCE—VIOLATION OF STATUTE—REQUESTS TO CHARGE.
   Defendant driver of cattle truck who parked it in easterly northbound lane of 4-lane super highway at dusk in mid-January was bound to anticipate or foresee injuries to passengers of other northbound vehicles on the same highway, where he had been parked in violation of statute, hence, requests to charge were properly denied where they would have absolved defendants from liability if jury found negligence of driver of car which collided with rear end of truck so parked was the sole cause of the accident (CLS 1956, § 257.612).

Appeal from the Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 6, 1958. (Docket No. 44, Calendar No. 47,502.) Decided September 10, 1958.

Case by Juanita Berry against Andrew Visser and James K. Baker for personal injuries sustained in collision of motor vehicles. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Williams & Damon* (*John E. Damon,* of counsel), for plaintiff.

*Mitts, Smith & Haughey,* for defendants.

BLACK, J. At dusk on January 14, 1955, plaintiff Juanita Berry was riding in an automobile driven by her husband. The automobile, under circumstances to be related, collided with the rear end of defendant

Visser's cattle truck.* Juanita was injured. Her ensuing suit for personal injuries, brought against defendant Visser as owner of the cattle truck and defendant Baker as employee-operator thereof, was tried to court and jury in the superior court of Grand Rapids. The jury found in favor of Juanita and awarded her damages in the sum of $12,500. Judgment entered on the verdict. Defendants appeal.

The collision occurred in or near the intersection of east-west Rupert street with north-south highway US-131 (Plainfield avenue at the point), near the northerly outskirts of Grand Rapids. Both vehicles prior to the collision had been proceeding northward on Plainfield. The cattle truck, theretofore driven by defendant Baker, had been stopped on the pavement of Plainfield for the purpose of inquiry by Baker, at a gasoline and service station situated at the northeast corner of Plainfield and Rupert, for travel directions. Baker, having stopped the truck in the extreme right-hand lane of northbound traffic on Plainfield, just north of the northerly end of the northeast tangent leading from Rupert to Plainfield, went into the station for the above purpose. He returned to the truck and was about to start forward, or had just started forward (the proof is disputed here), when this "rear-end" collision occurred.

Both highways are conventionally curbed at this point, as is the mentioned tangent. The usual exit and entrance pavements, leading into the service station from each highway, are shown in the photographic exhibits. A grassed and generally square-shaped plot, bounded by the curbed tangent and the service station pavements, forms the northeast

---

* The cattle truck was of conventional 2-axle 4-wheel design. It was not a tractor-trailer combination.

corner of the highway intersection. It is opposite such plot, and parallel to the Plainfield curb forming the westerly boundary of the plot, that the truck had been stopped by Baker.

Plainfield north and south of the mentioned intersection is a 4-lane super highway extending through a partially but not fully settled area. The paved width thereof, from curb to curb, is 44 feet. The respective north and south lanes of traffic-travel are not separated, that is to say, the parallel strips of pavement extend laterally from curb to curb without separation excepting for painted traffic lines.

Following trial of the case defendants, pursuing due and reserved motions for directed verdict, moved for judgment notwithstanding the verdict of the jury or, in the alternative, for a new trial. The trial judge, having considered the motion, prepared and filed a comprehensive opinion in which each of defendants' present specifications of error were carefully considered. Judgment notwithstanding and a new trial were both denied. The opinion supplies, as follows, the remaining facts that are necessary to satisfactory understanding of the questions brought here:

"Plaintiff was a guest passenger in an automobile being driven by her husband on highway US–131, which was involved with a truck of the defendant in an accident which occurred in the evening hours of January 14, 1955. The accident occurred approximately just after 6, and if it was not dark the sun had set and the evening dusk had settled upon the highway. Motor vehicles were traveling with their lights on. The point where the accident occurred is on the top of a hill. The highway descending to the south and rising again to another elevation. There are 4 lanes of traffic, and plaintiff's husband struck the left rear of defendant's truck, which was standing in the outside lane, being the easterly lane

of traffic, with the right front of his car as he attempted to pass. This is a congested and busy highway and there were at least 3 other cars traveling in close proximity to the car in which the plaintiff was riding. Apparently 1 of the cars was passing the plaintiff's car in the inner lane, and there was at least another car driving close behind which was turning into the inner lane to pass plaintiff's car."

The trial judge went on to say, with respect to the principal reviewable question:

"The act of defendant Baker in parking the truck on the highway was a matter of convenience. No emergency existed and no compelling necessity. There was no excuse for violation of the statutes. The entrance to the oil station was as available to him as to others. I am convinced that following the determination in the above case, and also in *Tracy* v. *Rublein,* 342 Mich 623, that this court did not err in submitting the question of negligence to the jury. We are also of the opinion that the duties of a guest passenger were also properly outlined in accordance with the suggestions in *Jones* v. *Danielson,* 328 Mich 402."

*First:* Defendants insist that their motion for instructed verdict, made at close of the plaintiff's case and again at close of the proofs, should have been granted. The motion so repeated presented below, and presents here, this question:

Whether, considering the statute* and the related circumstances as testified, it was shown in evidence that defendant Baker could and should, on the occasion, have stopped or parked the cattle truck other

---

* Sec. 672. "Outside of the limits of any city and village, it shall be unlawful to stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or to leave such vehicle off such part of said highway." CLS 1956, § 257.672 (Stat Ann 1952 Rev § 9.2372).

than on the pavement of Plainfield and, even though it be found that such showing was made, whether Baker's violation of the statute was proximately connected by evidence with the collision. Plaintiff points to the convenience of stopping or parking the truck, off Plainfield, by entry into Rupert or, but a few feet north of the position where the truck was stopped, of driving into the Plainfield entrance to the service station. Defendants, on the other hand, insist that it was not "practicable" to stop or leave the truck other than on the paved portion of Plainfield. They point to the curbing of Plainfield; to the want of the usual shoulder strip of a paved way; to a testified difficulty of driving the truck in and then out of the indicated places, and contend that the statute does not compel a motorist, on penalty of violation thereof, "to drive upon private property" for stopping or parking purposes. So go the respective contentions.

We hold that the successive motions for directed verdict, and the subsequent motion for judgment notwithstanding verdict, were properly denied. The proof viewed favorably to plaintiff as of close of her case (likewise at close of the proofs) made out an even stronger case of actionable negligence on the part of defendants than was shown by the similarly contending plaintiffs in *Graham* v. *United Trucking Service, Inc.,* 327 Mich 694; and *Tracy* v. *Rublein,* 342 Mich 623. In view of our repeated rulings that violation by a motorist of a traffic safety statute, if duly found, amounts to negligence per se, and that the question of causal connection between such violation and the asserted injury is usually one of fact for the jury, we decline further dissertation. The jury, on the proof as received, was authorized to find that defendant Baker did violate the statute and that such violation was an actionable cause of the colli-

,sion. This brings us to the 'more difficult question of jury instruction.

*Second:* Defendants submitted 24 rather lengthy requests for jury instruction. These are printed in the appellants' appendix and take up 15 pages thereof. Most of them, employing variant yet complementary language of approach, are constructed upon defendants' vigorously argued contention that if it be found that plaintiff's driver "saw or could have seen the defendants' vehicle and had the means at hand to have stopped," then the defendants' negligence, if found as a fact, would not legally constitute a proximate cause of the collision.* Proffered in prominent support are defendants' requested instructions numbered 18 and 19. They read:

"If you find that the defendants' vehicle could have been seen by the driver of the plaintiff's vehicle for a sufficient distance to the south of the defendants' vehicle as the plaintiff's vehicle approached it from the rear and that the driver of that vehicle should have seen it and after he saw it had the means at hand and the opportunity driving at the rate of speed that he was driving to have stopped his vehicle before running into it, then whether or not you find the defendants' vehicle was moving or stopped at the time of the collision, there is no negligence on the part of the defendants that was a proximate cause of this accident under such circumstances and the plaintiff would not be entitled to recover.

"If, ladies and gentlemen of the jury, you find that the driver of the plaintiff's vehicle acting as

---

* That the reader may comprehend with due accuracy what is pressed upon us, we quote the following from defendants' brief:

"In the case at bar, if the plaintiff's driver saw or could have seen the defendants' vehicle and had the means at hand to have stopped, then the defendants' negligence, if any, would not be a proximate cause of the accident and defendants should not be held liable. This theory of the case was never presented to the jury although the defendants did request charges in this respect." .

a reasonably prudent person, driving at the rate of speed that he was driving, could have seen the defendants' vehicle whether it was stopped or moving in time to have stopped his vehicle before running into it, then the plaintiff would not be liable as there is no negligence on the part of the plaintiff that was a proximate cause of this accident."

These requests, with the others mentioned above (all of which—in their submitted form—were denied by the trial judge), are argued as proper for the case on theory that the asserted negligence of Mr. Berry (if found by the jury) might lawfully be found (by the jury) as constituting an "intervening cause" (sometimes and more accurately called a "superseding cause"); one that came into active operation after Baker's negligence occurred and after Baker's negligence ceased its causal effect; all with the effect of relieving defendants from liability to Mrs. Berry. Authorities from some other jurisdictions are cited in support.

Concededly, the presented question—under what circumstances will subsequent causal acts, not attributable to the defendant, relieve the defendant of liability—has given the courts considerable trouble. See Professor Prosser's carefully considered discussion (Prosser on Torts [2d ed], § 48, pp 258, 259). Yet we find no difficulty of solution so far as concerns the particular circumstances of this collision and the applicable weight of authority as reflected in our State and elsewhere. Here the doctrine of foreseeable consequences takes full effect. Here we have a 4-lane super highway designed for heavy, continuous and relatively fast traffic. It is no justifiable place for parked or stopped vehicular obstruction, excepting only in the case of "practicable" necessity. The statute says so. So does the motoring horse sense of those who must and do regularly drive on modern super highways.

Here—and we shall presently come to the rule upon which our declaration is made—it was entirely within the province of the jury to find as a fact, from and on strength of the evidentiary circumstances presented before it, that defendant Baker had good reason to foresee that a northward proceeding motor vehicle might (with or without negligence on the part of its driver) collide with the substantial obstruction he, Baker, had left upon this super highway. As against such foreseeable act or omission of another the jury of right could, and (as we must infer from the verdict) did, find that Baker was under a duty to protect this plaintiff and other similarly situated users of the highway from "that occasional negligence which is one of the ordinary incidents of human life and therefore to be anticipated" (2 Restatement, Torts, § 302, comment 1, p 821). This conclusion is in accord with our holdings in *Graham* and *Tracy, supra,* and with the careful analysis presented in the opinion of then associate and now Chief Justice DETHMERS in *Parks* v. *Starks,* 342 Mich 443, the concise summary of which is as follows (p 448 of report):

"In the instant case the record fairly presented a question of fact as to whether the danger should have been foreseen or anticipated by defendant and whether plaintiff's injuries were the natural and probable consequence of defendant's negligence."

To this we add that requested jury instructions which, in their proposed application to a factual situation as at bar, do not take into account the element of foreseeability of a third party's negligence, are properly rejected. This merely complements the general rule that an intervening negligent act of a third person is not a superseding cause if, in the given case, the defendant at the time of his negligent conduct should have realized or anticipated that a

third person might so negligently act or proceed. Such is the pith of 2 Restatement, Torts, § 447, pp 1196, 1197; likewise the trend of the times. Professor James has recently written for us, under the title "Practical Changes in the Field of Negligence" and under the heading "Expanding Notions of What Is Foreseeable" (37 MSBJ, No 8, August, 1958, pp 10, 13):

"There has been an increasingly broad recognition of foreseeability of harm in situations where, at the turn of the century, courts were likely to deny negligence as a matter of law. Thus, there was formerly considerable reluctance to regard intervening wrongful or criminal acts as foreseeable in law, while today, most courts have no such reluctance where foreseeability is indicated as a matter of fact by the evidence."

Without intending a dictum of approval or disapproval of our decision in *Paquette* v. *Consumers Power Co.,* 316 Mich 501, it is not out of order to say that if we were disposed to apply the matter-of-law rules of *Paquette* to a case like this (where the jury-judged violator of the statute is a *defendant* rather than a *plaintiff*), it would be necessary for *Paquette's* separate reason to hold that the trial judge did not err in denying defendants' said requests. In *Paquette,* under extremely difficult weather conditions affecting or causing the stopping or parking of the Paquette car on the pavement, it was held that the *plaintiff* violator of this statute (Paquette) was guilty of causal negligence as a matter of law. Thus, and hypothetically reversing matters by assuming in the *Paquette Case* that Mrs. Smrchek was riding with her husband in the oncoming car and, on account of injuries suffered in the collision, was the *plaintiff* and Paquette the *defendant,* she on authority of reasoning in *Paquette* would

have become entitled to instruction that Paquette was guilty of causal negligence as a matter of law. This must be so unless we are to say that corresponding rules on corresponding facts apply to *plaintiffs* but not to *defendants.*

If, in *Paquette,* the defendants were entitled to peremptory instruction that Paquette was guilty of causal negligence, why was the present plaintiff not entitled to peremptory instruction that defendant Baker—the violator in more aggravating circumstances than plaintiff Paquette—was guilty of causal negligence? We need not answer the question now. We insert it merely to show that Michigan is more closely aligned with the stated general rule of foreseeability, as applied to the effect of an intervening cause, than with the minority authorities on which defendants rely.

It is ruled on these premises that the requested instructions, aimed as they are toward absolution from liability of defendants on the theory that negligence on the part of Mr. Berry, if found, constituted *the* proximate cause of this collision, are unfounded in law. Hence, such requests were properly rejected by the trial judge. This means that the motion for new trial was rightly denied.

No other question requires discussion. Affirmed, with costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.