### STEWART *v.* AMES.

1. APPEAL AND ERROR—REQUESTS TO CHARGE.

It was not reversible error for trial court to fail to give requests to charge that were not in any way consistent with the version of the facts upon which party claiming error in such failure had based cause of action.

2. AUTOMOBILES—NEGLIGENCE—PUSHING CAR AT NIGHT.

It was not negligence as a matter of law for motorist to move car from private driveway on south side of 4-lane highway into southernmost eastbound lane at night in order to start it, providing it had proper lighting, was in plain view, and no traffic was approaching, notwithstanding city ordinance required owner of stalled vehicle to remove it by towing within a reasonable time (City of Livonia Ordinance).

3. SAME—NEGLIGENCE—QUESTION FOR JURY—PUSHING CAR AT NIGHT —LIGHTS—EVIDENCE—INSTRUCTIONS.

Whether or not defendant's 17-year-old son in eastbound car which had been pushed into street at 11 p.m. early in March while .the night was clear and dry was negligent in having the vehicle pushed by 2 companions in an effort to start it *held,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 1128.
[2] 5A Am Jur, Automobiles and Highway Traffic § 418.
Liability for injury or damage growing out of pulling out of parked motor vehicle. 29 ALR2d 107.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1038.
Liability for injuring one engaged about an automobile in high-way. 25 ALR 134; 34 ALR 1513; 61 ALR 1159.

properly submitted to jury under charge fairly presenting the issues in action by wife of driver of eastbound car which collided with rear end of defendant's car, there being conflicting testimony as to whether defendant's car was lighted and whether plaintiff's husband was driving under the influence of intoxicating liquor, and the charge provided that the negligence of the husband, if any, not being imputable to plaintiff wife, must be the sole cause of the accident.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted June 10, 1960. (Docket No. 41, Calendar No. 48,082.) Decided December 2, 1960.

Case by Opal Stewart against Dale R. Ames for personal injuries sustained in automobile collision. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Hugh K. Davidson* and *Charles O. Crain,* for plaintiff.

*Cary, BeGole & Martin,* for defendant.

EDWARDS, J. This plaintiff was injured in an automobile accident. She lost her suit for damages before a jury in Wayne county which returned a verdict for the defendant. She now seeks another trial. Her principal claim is that the trial judge prejudiced the result by failing to instruct the jury about a particular city ordinance.

The accident occurred in the city of Livonia at about 11 p.m. on March 3, 1956, at a point 1/10 of a mile east of the intersection of Seven Mile road and Newburg road. Plaintiff's husband, Clarence Stewart, was driving a Studebaker automobile, in which plaintiff was a passenger, east on Seven Mile road. Seven Mile road at that point was a straight, level, paved 4-lane highway, with a posted 50 miles-per-hour speed limit. The night was clear and dry. There was only 1 other car in the vicinity.

The, other automobile was a Willys jeep owned by defendant Dale Ames. On the evening in question it was being driven by Howard Ames, his 17-year-old son. As Howard was leaving the home of some friends, who lived on the south side of Seven Mile road, the jeep stalled in the driveway. Thereupon Howard and his 2 friends decided to start it by pushing it on Seven Mile road.

The impact took place in the southernmost (eastbound, right-hand) lane of the 4-lane highway.

The crash threw plaintiff's head through the windshield, occasioning severe facial injuries and the fracture of 3 ribs.

While these facts are undisputed, few cases present as dramatic a conflict of evidence as do the specific ones bearing on why this accident happened.

Mr. Stewart testified that he was traveling 35 to 40 miles per hour, that the jeep was unlighted, that it came out of the driveway suddenly into range of his headlights, that the crash occurred right at the driveway, and that he, Stewart, had had nothing to drink that evening.

Howard Ames's 2 companions who were pushing the jeep from the rear testified that they saw the Stewart car coming for 800 feet, that it was going 70 to 80 miles per hour; that they had time to decide the Studebaker was not going to turn out, and to get out of the way; that the jeep had all its lights on, including special lights on both sides at the rear and that they were not blocking those lights; that when they pushed the jeep into the road no car was in sight, and that the crash occurred after they had pushed the jeep 40 or 50 feet east on Seven Mile road; that the Studebaker, when they saw it after the accident, contained beer and whiskey bottles and that Stewart himself was drunk.

In relation to the last disputed issue, the jury also had before it the testimony of a city of Livonia police officer who reported to the scene after the accident:

"*Q.* And, did you talk to the driver, Clarence Stewart?

"*A.* Yes, sir, I did.

"*Q.* What did you observe about his physical appearance?

"*A.* He had been drinking. His talk or speech was very slurred. We escorted him to the police car, and he got in the police car. He couldn't find the door very well. We had to open the door for him, and placed him in the back of the police car.

"*Q.* And, would you say from what you observed, officer, and the conversation you had with him, that his ability to drive an automobile was impaired?

"*A.* Yes, I would."

The trial judge charged the jury on the 2 conflicting theories of the accident, told the jury that Clarence Stewart's negligence, if any, could not be imputed to his wife; and told them that if they found that the boys had pushed the jeep suddenly into the path of Stewart's car, or had pushed it unlighted on the highway or had obscured the tail lights while pushing it, that these acts represented negligence which they could find to be a proximate cause of plaintiff's injuries. He also charged that if they found Clarence Stewart was driving under the influence of liquor to an extent which impaired his ability to drive, and that this negligence was the sole cause of the accident, that plaintiff could not recover.

The jury found for the defendant.

On appeal, plaintiff's counsel argues that the judge's charge was prejudicially defective because it omitted several written requests to charge which he had submitted. All of these bore on an ordinance of the city of Livonia which provided:

"Whenever a vehicle becomes stalled upon a street, or when because of damage or other reason cannot be moved by its own power and consequently, blockades the street or interferes with use of same by other vehicles, it shall be the duty of its owner and its operator to remove it by towing or otherwise within a reasonable time."

The essence of plaintiff's claim in relation to this ordinance, as set forth in the requests to charge, is that it constituted an absolute prohibition against pushing an automobile on the highway in order to start it, and hence that the actions of Howard Ames and his 2 friends, as given in *their* version of the accident, represented negligence as a matter of law.

At the outset, we note that these requests for instruction upon which this appeal is based were not in any way consistent with the version of the facts upon which plaintiff based her cause of action.

Furthermore, we cannot agree with appellant's construction of the ordinance. Neither it, nor any other rule of law of which we have knowledge, forbade the attempt to start the jeep by pushing it in the right-hand lane of a 4-lane highway if it had proper lighting and was in plain view, and if it was moved onto the highway at a time when no traffic was approaching.

Taken as a whole, we believe the judge's charge was a fair one. Plaintiff was entitled to a jury verdict on the disputed versions of this accident. She is not entitled to 2 such verdicts. *Rouse* v. *Gross,* 357 Mich 475.

Plaintiff's counsel relies upon *Berry* v. *Visser,* 354 Mich 38. In the *Berry Case,* the negligence claimed as to defendant was parking an unlighted truck on a highway in violation of State law. We held that the facts in that case presented a jury question. So did the facts in this case. Among the facts distinguishing *Berry* from the instant case, however, is the fact

that in *Berry* the jury found for the plaintiff, whereas here the jury verdict was for the defendant. In each instance we affirmed.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Kavanagh, and Souris, JJ., concurred.