KOGELSCHATZ v. IACOBELLI CONSTRUCTION, INC.

EVIDENCE—PHOTOGRAPHS—DISCRETION.
   The introduction of photographs in evidence is a matter of
   discretion with the trial judge.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 May 8, 1969, at Detroit. (Docket No. 4,879.) Decided May 27, 1969.

Complaint by Sherwood Kogelschatz and Violet Kogelschatz against Iacobelli Construction, Inc., a Michigan corporation, and the city of Detroit, a municipal corporation, for injuries resulting from Sherwood Kogelschatz's fall at a construction site. Verdict and judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Alexander, Buchanan & Conklin (John A. Kruse,* of counsel), and *Robert Reese,* Corporation Counsel, and *Alfred Sawaya* and *Ronald C. Winiemko,* Assistants Corporation Counsel, for defendants.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 785 *et seq.*

Per Curiam. Plaintiff Sherwood Kogelschatz and two others drove to a building on East Grand Boulevard in Detroit to transact some business. Plaintiff parked his car next to the curb. He then proceeded, loaded down with a relatively large package of art board, to walk across the grassy area located between the curb and the sidewalk. While on this grassy area plaintiff slipped and fell, breaking his ankle. Plaintiff Kogelschatz and his wife brought suit in the Wayne county circuit court against Iacobelli Construction, Inc., which had installed water mains in the area, and the city of Detroit, which had commissioned the work done by Iacobelli. From a jury verdict of no cause of action, and from a denial of his motion for a new trial, plaintiff appeals.

Plaintiff cites as error the exclusion at trial of certain photographs, first when introduced as evidence and later when introduced to impeach two of defendants' witnesses.

The trial judge ruled that certain photographs were inadmissible since they did not depict the location where plaintiff was injured. It is well established that "[t]he introduction of photographs is a matter of discretion with the trial judge." *Eastman v. Ann Arbor R. Co.* (1936), 4 Mich App 540, 543. See, also, 29 Am Jur 2d, Evidence § 786, p 859. We find no abuse of the trial judge's discretion in the case at bar.

Plaintiff also cites as error the trial judge's failure to sustain an objection to certain remarks made by defendants' counsel in his closing argument, and the denial of plaintiffs' motion for a directed verdict as to the negligence of defendants. These contentions are without merit. The trial judge's instructions to the jury cured any prejudice or bias created by defendants' argument without denying

the well-accepted latitude counsel are permitted in their closing arguments.

With respect to plaintiffs' motion for a directed verdict, the trial judge stated:

*"The Court:* However, I reserve the motion as to contributory negligence of the plaintiff as a matter of law.

"I reserve the motion as to the Iacobelli's as to whether there has been insulation from liability because of turning it over to the city.

"And on the other motions, I don't see how either of you can argue that there hasn't been a question of negligence made for the jury insofar as the Iacobelli Construction Company and the city of Detroit are concerned. I think there is a serious question of contributory negligence, and that one I want to weigh a little more. But as far as negligence, I don't see how you can claim there hasn't been sufficient evidence of negligence in both the city and Iacobelli's part to put it to the jury on that issue. I am concerned about contributory negligence, however."

An examination of the record discloses a factual dispute that properly went to the jury. Finding no reversible error on appeal, we affirm. Costs to appellee.