GOTTESMAN *v.* FAY-BEA CONSTRUCTION CO.

SAME *v.* LEE HOME BUILDERS, INC.

1. TRIAL—INSTRUCTIONS.
   The trial court has a duty to instruct the jury correctly as to the law of the case.

2. INTEREST—LIQUIDATED SUM.
   A party to whom is due a liquidated sum of money has a right to interest at the legal rate of 5% (CL 1958, § 438.51).

3. SAME—NEGLECT TO CHARGE—ADDITION TO VERDICT.
   A trial court which has neglected to instruct the jury as to interest may add legal interest to the jury's verdict, where the addition of interest to the verdict is a mathematically computable sum from a date which is certain, the date of presentment for payment, and it is obvious the jury has failed to award interest (CL 1948, § 438.51).

Appeal from Wayne; McCree, Jr. (Wade H.), J. Submitted October 9, 1958. (Docket Nos. 22, 23, Calendar Nos. 47,594, 47,595.) Decided January 12, 1959.

REFERENCES ·FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 510. ··
[2] 15 Am Jur, Damages § 163; 30 Am Jur, Interest § 4.
[3] 15 Am Jur, Damages §§ 163, 384.

Assumpsit by Harvey Gottesman, doing business as Harvey Sales, against Fay-Bea Construction Co., a Michigan corporation, for sums due on dishonored check. Similar action against Lee Home Builders, Inc., a Michigan corporation. Cases tried concurrently. Verdicts and judgments for plaintiff. Order entered correcting judgments to include interest. Defendants appeal. Affirmed.

*Fischer & Fischer,* for plaintiff.

*Milton H. Maddin,* for defendants.

Per Curiam. The jury returned separate verdicts in favor of plaintiff, against the respective defendants, in these consolidated suits to recover the face amount of certain bank checks on which defendants had stopped payment. Separate judgments were entered on the 2 verdicts. Defendants appeal.

Three stated questions are submitted by appellants.* The second only was seasonably raised and saved for review. As to the second question we find ourselves in agreement with the trial judge. His opinion considers the point so well as to impel adoption thereof. It follows:

"In these 2 cases, which were tried concurrently, plaintiff sued to recover the amount of 2 checks upon which defendants stopped payment. In its instructions to the jury the court recited the legal circumstance which would have permitted defendants to

---

* "1. Should the drawers of checks be precluded from asserting the defense of partial failure of consideration in actions by one of the payees thereof not a holder in due course?"

"2. Should the verdicts of a jury and the judgments entered pursuant thereto be enlarged by the trial judge for the purpose of adding interest in the absence of claims therefor or evidence thereof prior to such verdicts?"

"3. Is an assignor capable of prosecuting lawsuits as the real party in interest upon his assignment, subsequent to the commencement thereof, of the subject matter claimed as the basis for the causes of action?"

*stop payment with impunity.* Plaintiff's counsel formally requested no instruction pertaining to interest, and although he suggested that he might be entitled to it, in response to the court's inquiry he could not support his claim thereto. Thereupon, the court did not include in its charge an instruction which in the event of a verdict for plaintiff would have permitted the jury to include in its verdict interest from the date of demand for payment of the checks. Nevertheless, the court has a duty to instruct the jury correctly as to the law of the case, and it is settled that plaintiff has a right to interest at the legal rate of 5% from the time a liquidated sum of money is due. (9 MLP, Damages, § 20; CL 1948, § 438.51 [Stat Ann § 19.11].) After verdict in the face amount of the checks, plaintiff filed a motion to correct the judgments by adding interest at 5%.

"The question therefore is whether the trial court can add interest to a jury's verdict where through the court's neglect the jury was not instructed as to interest, and where the addition of interest to the verdict is a mathematically computable sum from a date which is certain. Neither counsel has directed the court's attention to Michigan authority on the precise question. There are Michigan nonjury cases which hold that the trial court sitting without a jury can amend its judgment so as to include interest. (*Porter* v. *Michigan Elevator Exchange,* 279 Mich 276.) The great weight of authority in jurisdictions outside of Michigan support the same proposition. Also, there is a respectable body of opinion in other jurisdictions that a trial court can add interest to the amount of the verdict where a party is legally entitled thereto and where it is apparent that the jury failed to include interest in its verdict. (See 72 ALR 1150.) Such a case is said to arise where, (1) it is obvious the jury has failed to award interest, (2) where the claim is liquidated, and (3) where the interest is not a part of the damages but a mere legal incident to the plaintiff's action.

"The case at bar falls squarely within the above requirements. It is clear that the jury did not add interest to the verdict. They were instructed that they could find damages either in the face amount of the checks or nothing. The jury's return was in the face amount of the checks. The damages were clearly liquidated and interest is a matter of right and not a part of plaintiff's damages which require proof. The instant case presents a situation where the charge of the court was erroneous and the error may be corrected by an exact mathematical computation. The conduct of a new trial to cure such an error cannot be justified. Accordingly, the judgment may be corrected to add interest at the legal rate of 5% from the date the checks were presented for payment. Since the checks were exhibits in this cause, the computation may be made by reference to the bank's indorsement thereon. An order may be entered in accordance with this opinion, and if counsel cannot agree on the amount of interest, they may notice that matter for settlement before this court in the manner of noticing orders for settlement."

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.