## FITZPATRICK *v.* RITZENHEIN.

1. Automobiles—Proximate Cause—Question for Jury.

The issue of appellee's contributory negligence in action arising out of head-on collision was for jury to determine, where he admitted that he did not even see appellant's car until it was about 3 car lengths distant when starting to cross over to appellee's side of pavement although he could have seen 200 feet ahead at that point, it being a question of fact whether appellee failed to maintain a reasonable and proper lookout and whether an earlier observation of the approaching car would have enabled him to avoid the collision, hence, that his failure to see the car sooner was a proximate cause of the accident.

2. Appeal and Error—Motion for Directed Verdict—Judgment Non Obstante Veredicto.

The Supreme Court views the evidence and draws reasonable inferences therefrom in the light most favorable to the opposite party on a motion for directed verdict or for judgment *non obstante veredicto.*

---

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic § 1029.
[2] 3 Am Jur, Appeal and Error § 886.
[3] 20 Am Jur, Evidence § 97.
[5] 30A Am Jur, Judgments § 297.
[7] 30 Am Jur, Interest § 40.
[8] 14 Am Jur, Costs § 92.

3. EVIDENCE—JUDICIAL NOTICE—RULES OF PHYSICS.

Triers of facts may consider judicially-noticeable rules of physics.

4. AUTOMOBILES—POINT OF IMPACT—LOCATION OF DEBRIS.

The location of debris following a violent automobile collision does not necessarily locate the point of impact with accuracy, since debris does not always plummet from the point of collision, but may be carried some distance in the direction of force and vacuum.

5. SAME—PHYSICAL FACTS—DIRECTED VERDICT—JUDGMENT NON OB-STANTE VEREDICTO—NEW TRIAL.

Appellants' motions for directed verdict, judgment *non obstante veredicto* and for new trial were properly denied in action arising out of head-on collision, where the physical facts were such that it may not be said they necessarily negatived appellee's right to recover damages.

6. INTEREST—UNLIQUIDATED CLAIMS.

Father in his derivative action for medical and surgical treatment and hospitalization expense for his minor son who was injured in a head-on collision was not entitled to interest before jury's verdict which covered such expenses and loss of earnings of the son until he should reach the age of 21 years, where there was no demand for payment before suit, no proof as to reasonableness, necessity, or payment, and no testimony to show that the minor could and would have earned such amounts had he not been injured, such amounts being considered unliquidated before verdict.

7. SAME—UNLIQUIDATED CLAIMS.

The right to interest is statutory and does not run on an unliquidated claim in the absence of contract express or implied, except by way of damages for money withheld.

8. COSTS—FAILURE OF EITHER APPEAL OR CROSS APPEAL TO PREVAIL.

No costs are allowed where neither the appeal nor the cross appeal has prevailed.

Appeal from Kent; Hoffius (Stuart), J. Submitted April 4, 1962. (Docket Nos. 11, 12, Calendar Nos. 48,990, 48,991.) Decided September 7, 1962.

Case by John Fitzpatrick, Helen Fitzpatrick and Michigan Mutual Liability Company, a Michigan corporation, for property damage arising from auto-

mobile collision on May 30, 1954. Similar action by Helen Fitzpatrick for personal injuries. Cross declaration by defendants. Cases consolidated for trial and on appeal. Judgment for defendants for damages on cross declaration. Plaintiffs appeal. Defendants cross-appeal asking interest. Affirmed.

*White & Block* and *Cholette, Perkins & Buchanan,* for plaintiffs.

*Allaben & Massie* (*Sam F. Massie, Jr.,* of counsel), for defendants.

CARR, C. J. The automobiles of the respective parties were meeting each other and collided, the left side of each coming in contact with that of the other. There were no eyewitnesses aside from the 2 drivers. Each of them testified that the collision occurred on his right-hand side of the highway.

The jury found for defendants-cross-plaintiffs, returning substantial verdicts for each. Plaintiffs-cross-defendants appeal, assigning as error the court's denial of their motions for directed verdicts of no cause for action and for judgments *non obstante veredicto* against cross-plaintiffs, and denial of their motions for new trial. Their appeal extends only to judgments for cross-plaintiffs on their cross declarations for damages against cross-defendants, and not at all to the no-cause verdicts and judgments against plaintiffs on the claims contained in their declarations. One cross-plaintiff, William S. Ritzenhein, owner of the automobile driven by his 17-year-old son, cross-plaintiff Robert Ritzenhein, cross-appeals from the court's denial of his motion to add to his judgment interest on the amount of the verdict.

In making their motion for directed verdict against cross-plaintiffs' claims for damages, cross-defendants contended that cross-plaintiff driver should be

held guilty of contributory negligence as a matter of law because of his admission on the witness stand that although he could have seen 200 feet ahead at that point, he did not see cross-defendants' approaching automobile until it was about 3 car lengths distant, at which time he noticed that it was starting to cross over onto his side of the pavement, after which it struck the left rear of his automobile. The court was correct in holding that the question of his contributory negligence in that respect was not one of law. It was for the jury to determine whether he failed to maintain a reasonable and proper lookout, whether an earlier observation of the approaching car would have enabled him to avoid the collision, and, hence, whether his failure to see the car sooner was a proximate cause of the accident. On a motion for directed verdict or judgment *non obstante veredicto,* we view the evidence and draw reasonable inferences therefrom in the light most favorable to the opposite party. *Vukich* v. *City of Detroit,* 325 Mich 644; *Dasovich* v. *Longacre,* 324 Mich 62. Accordingly, accepting cross-plaintiff driver's version as true, the facts are that he was driving lawfully, on his right-hand side of the pavement; that if he had seen cross-defendants' automobile earlier, he would have seen it on its own right-hand side of the road giving no indication of impending danger, and he would not have seen it cross to his side of the road until it was only 3 car lengths distant. That was when he actually did see it do so, and then he had a right to assume that its driver would turn it back to its own side where it belonged. It was not negligence as a matter of law for him to so assume or to fail to take steps in the short interval and distance then available to him to avoid the collision. Applicable is *Essenberg* v. *Achterhof,* 255 Mich 55. There, defendant was driving on the wrong side of the road. Plaintiff,

meeting him, admitted that he did not see him until only 10 feet distant. Plaintiff had judgment below. On appeal defendant urged plaintiff's contributory negligence as a matter of law for failure to maintain a proper lookout. In affirming judgment for plaintiff, this Court said (p 57):

"1. Important in discussing the question of contributory negligence is the fact that, at the time of the accident, the plaintiff was riding where he had a lawful right to ride, and that defendants were driving where they had no right to drive. The plaintiff was not required to anticipate danger from vehicles traveling toward him on that side of the road. To some extent, at least, he had a right to rely on the known fact that they usually did not travel there. Naturally, he would not expect to meet automobiles where the law of the road does not permit them to travel. But if he had looked, he would have had the right to rely on the assumption that defendants also would be looking and would steer their car to their own side of the road to avoid hitting him. These were matters for the jury to consider in determining whether his failure to look for approaching vehicles was negligence. In these circumstances, it cannot be said that he was guilty of contributory negligence as a matter of law. It was a question for the jury. *Dier* v. *Voorhees,* 200 Mich 510; *Leary* v. *Fisher,* 248 Mich 574; *Dreyfus* v. *Daronco,* 253 Mich 235."

See, also, to same effect: *Patterson* v. *Jacobs,* 289 Mich 351; *Suarez* v. *Katon,* 299 Mich 38; *Odell* v. *Powers,* 284 Mich 201; *Morton* v. *Peterman,* 291 Mich 442.

On appeal cross-defendants do not stress the matter of cross-plaintiff driver's failure to see their approaching car at an earlier time. Instead, in support of their charge of his contributory negligence as a matter of law, they have changed their emphasis to a claim of incontrovertible physical facts which

render incredible the testimony of cross-plaintiff as to the side of the pavement on which the collision occurred. This is also the claimed basis for their contention that they are entitled to a new trial because the verdict is against the great weight of the evidence.

The so-called incontrovertible physical facts consist of the location of broken glass and debris and tire and skid marks on the highway, and location of cross-plaintiff's body and of the 2 automobiles after the accident, et cetera. Appellants' appendix does not bother to disclose that 2 State police officers who testified that they had seen all of this upon viewing the scene of the accident shortly after it had occurred, also testified that they could not tell where or on which side of the pavement the accident had happened. Without necessity for reciting them, it must be said that the difficulty for cross-defendants is that these physical facts are not utterly inconsistent with occurrence of the collision in the manner and at the place testified to by cross-plaintiff. Pertinent, although the facts are not identical, is the following from *Albrecht* v. *Pritchard,* 347 Mich 166, 171:

"The trouble with this contention is that it fails to consider, as triers of fact may and sometimes should, judicially-noticeable rules of physics. Contrary to popular impression, the location of debris following violent automotive collision does not necessarily locate the point of impact, with accuracy at least. Debris and broken glass do not always, if we consider physics, drop like a plummet from point of collision. Indeed, and in the present case, the trier of facts would have been justified in finding that located presence of such debris is just as consistent with plaintiff's theory as with that of defendant. It, the debris, could have come from either car, or both. If it came from defendant's car it is at least

arguable that it was carried from point of impact to final resting place by force and vacuum. If it came from plaintiff's car it similarly could have been carried some distance in the direction of such force and vacuum."

Cross-defendants cite *Carlson v. Brunette,* 339 Mich 188, and *Blair v. Consolidated Freight Company,* 327 Mich 167, as instances in which this Court held that undisputed physical facts overcame other testimony and afforded a basis for finding a party guilty of contributory negligence as a matter of law or finding a verdict to be against the overwhelming weight of the evidence. Such things must, of course, depend on whether the physical facts are conclusive of the issue involved. Not so here, as already observed. Rather, it should be said here, as this Court said in *Kube v. Neuenfeldt,* 353 Mich 74, 77, 78:

"The decisions in *Blair v. Consolidated Freight Company,* 327 Mich 167; and *Carlson v. Brunette,* 339 Mich 188, are not of controlling significance here. The facts involved in those cases are readily distinguishable from the situation in the case at bar. On the record before us it may not be said that the physical facts necessarily negatived plaintiff's right to recover damages, or that such facts render incredible the testimony of the driver of the Chevrolet and of other witnesses who, to a certain extent, corroborated the claim of said driver as to the place where the impact occurred within the intersection."

The motions for directed verdict, judgment *non obstante veredicto,* and for new trial, made by cross-defendants, were properly denied.

Should the trial court have added interest to the jury's verdict for cross-plaintiff William S. Ritzenhein? The verdict for him covered the amount of bills for his minor son's medical and surgical treatment and hospitalization, and loss of his son's earn-

ings until he should reach the age of 21 years. Cross-plaintiff bases his rights to interest thereon on *Gottesman* v. *Fay-Bea Construction Company,* 355 Mich 6, and *Bernstein* v. *Shifman,* 358 Mich 699. In neither did the action sound in tort. *Gottesman* was an assumpsit action brought for sums due on a dishonored check. In *Bernstein* the action was for breach of covenant to make improvements on leased property. Neither have application here. Cross-plaintiffs concede that they are not entitled to interest on the damages awarded for Robert's disability, pain and suffering, but say that the hospital and medical bills and loss of earnings represent liquidated sums or, at least, are susceptible of being made certain by mathematical calculations from known factors on which interest should be allowed. The trial court observed, however, that cross-plaintiff's production of hospital and medical bills was not supported with proofs as to their reasonableness, necessity or payment; and as for damages for loss of earnings, that there was no testimony to show that the minor could and would have earned such amounts absent the injury resulting from the collision. There was no proof of demand for payment before suit. Accordingly, the court held them not liquidated, nor entitled to draw interest before their amounts were fixed by jury verdict. The court quoted from *Township of Royal Oak* v. *City of Berkley,* 309 Mich 572, 583, 584, the following:

"With certain exceptions (see *Mitchell* v. *Reolds Farms Co.,* 268 Mich 301) and in the absence of contract express or implied, the right to interest in this State is statutory.   *   *   *   In the absence of agreement and except by way of damages for money withheld, interest does not run on an unliquidated claim. *Sweeney* v. *Neely,* 53 Mich 421."

and concluded that cross-plaintiff was not here entitled to interest as of right. We agree.

Affirmed. No costs, neither the appeal nor cross-appeal having prevailed.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.