HOUCK *v.* SNYDER.

Opinion of the Court.

1. Appeal and Error—Judgment Non Obstante Veredicto—Record.

The Supreme Court examines the record in the light most favorable to plaintiff on an appeal from the trial court's order granting defendant's motion for judgment *non obstante veredicto.*

2. Automobiles—Contributory Negligence—Proximate Cause—Evidence—Question for Jury.

Issues of proximate cause, contributory negligence of westbound plaintiff motorist and his damages in action against trucker who had stopped his unlighted westbound truck on highway at 6:05 p.m. late in November were properly for jury, where record shows plaintiff had shortly theretofore been driving at 50 miles per hour, and when blinded by lights of oncoming traffic slowed down to 40 miles an hour, then discovered truck when only 100 feet therefrom whereupon he turned to the right side of the highway before colliding with rear of truck (CLS 1961, §§ 257.627, 257.686, 257.688, 257.697).

3. Same—Speed—Assured Clear Distance Ahead—Construction of Statutes.

The statute limiting the speed at which a motorist may drive his car to such as will permit him to stop within the assured clear

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2, 9] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1013, 1015.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 186 *et seq.*
[4, 11, 12] 8 Am Jur 2d, Automobiles and Highway Traffic § 724 *et seq.*
Duty and liability of vehicle driver blinded by glare of lights. 22 ALR2d 292.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1015.
[6] 15 Am Jur, Damages § 377.
[7, 10] 8 Am Jur 2d, Automobiles and Highway Traffic § 773 *et seq.*
Driver's failure to maintain proper distance from motor vehicle ahead. 85 ALR2d 613.
[8] 53 Am Jur, Trial §§ 510, 512 *et seq.*

distance ahead must be reasonably construed (CLS 1961, § 257.627).

4. SAME—LIGHTS OF ONCOMING TRAFFIC—INSTRUCTIONS—TRAFFIC CONDITIONS.

Motorist who was blinded by lights of oncoming traffic must drive as a reasonably prudent person under the same circumstances including traffic conditions, being closely followed by another car, the nature and visibility of the object obstructing the road, and the suddenness of the blinding, hence, omission to instruct accordingly in action by motorist who collided with a defendant's stopped truck after being blinded by lights of oncoming traffic and while another defendant was following 200' to the rear was error (CLS 1961, § 257.627).

5. SAME—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—QUESTION FOR TRIER OF FACTS.

Order granting defendant trucker's motion for judgment *non obstante veredicto* was error, where evidence was sufficient to present to jury the issue of whether such defendant's negligence was a proximate cause of plaintiffs' damages.

6. SAME—INSTRUCTIONS—MORTALITY TABLE—FUTURE PAIN AND SUFFERING.

Instructions given in motorist's action against defendant trucker and defendant overtaking motorist, relative to mortality tables and future pain and suffering of plaintiff *held,* not to contain reversible error.

7. SAME—INSTRUCTIONS—FOLLOWING TOO CLOSELY.

Evidence presented in plaintiff motorist's action against overtaking motorist who collided with plaintiff's vehicle that had been stopped by unlighted truck stopped on the highway at 6:05 p.m. late in November *held,* such as to require submission to jury of question as to whether such defendant was following too closely in violation of statute (CLS 1961, § 257.643).

8. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE—EVIDENCE.

A trial court has the duty to present to the jury the substantial issues in the case that are raised by the pleadings, controverted on the trial, and for which requests to charge have been made, including theories of both plaintiffs and defendants if supported by any evidence.

9. AUTOMOBILES—3-CAR COLLISION—QUESTIONS FOR JURY—SPEED—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

Questions for jury were presented as to speeds of 3 vehicles involved when plaintiff collided with defendant's truck that had

been stopped on highway and another defendant's car thereafter collided with plaintiff's car, the distance at which the latter was following plaintiff and the application of the stopping distance chart to the physical facts, therefore, the negligence or contributory negligence of the parties if such was a proximate cause of the accident.

10. SAME—REAR-END COLLISION—INSTRUCTIONS—PRESUMPTIONS.
Reversible error was committed by trial court in failing to instruct jury as requested as to presumption that overtaking motorist was negligent in colliding with rear end of plaintiff's car which had been stopped by unlighted stopped truck at 6:05 p.m. late in November, where presumption had not been eliminated as a matter of law from jury's consideration by clear, positive, and credible evidence opposing the presumption (CLS 1961, § 257.402).

DISSENTING OPINION.

DETHMERS, KELLY, AND O'HARA, JJ.

11. AUTOMOBILES—REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE —SPEED.
*Plaintiff motorist who so drove his car at 6:05 p.m. late in November when blinded by lights of oncoming traffic, by slowing from speed of 50 miles per hour to 40 miles per hour but nevertheless collided with rear of a defendant's unlighted truck was guilty of contributory negligence as a matter of law, hence, the judgment non obstante veredicto was properly entered in favor of the defendant trucker (CLS 1961, § 257-.627).*

12. SAME—SUCCESSIVE REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE.
*Plaintiff motorist who was guilty of contributory negligence as a matter of law in colliding with rear · of stopped truck on highway while blinded by lights of oncoming traffic was thereby precluded from recovery of damages from defendants whose car had shortly thereafter collided with rear of plaintiff's vehicle (CLS 1961, § 257.627).*

Appeal from Kent; Hoffius (Stuart), J.  Submitted June 4, 1964.  (Calendar No. 26, Docket No. 50,247.)  Decided May 10, 1965.

Declaration by George H. Houck and Allstate Insurance Company, a foreign corporation, against

John Snyder, Robert G. Drieberg, and Kraft Foods, Division of National Dairy Products, a foreign corporation, for damages arising out of automobile collision. Verdict for plaintiffs as to defendant Snyder. Judgment *non obstante veredicto,* for defendant Snyder. Verdict and judgment for defendants Drieberg and Kraft Foods. Plaintiffs appeal. Reversed.

*Rom & Newton Dilley* (*Charles N. Dewey, Jr.,* of counsel), for plaintiffs.

*Cholette, Perkins & Buchanan* (*Grant J. Gruel,* of counsel), for defendant Snyder.

*Luyendyk, Hainer, Hillman, Karr & Dutcher* (*Richard B. Baxter,* of counsel), for defendants Drieberg and Kraft Foods.

T. M. KAVANAGH, C. J. This is an appeal from the Kent county circuit court by plaintiffs George H. Houck and Allstate Insurance Company.

The controversy arises out of an automobile accident which occurred on November 21, 1961, at about 6:05 p.m. Plaintiff George Houck was driving a 1960 Ford pickup truck in a westerly direction on route M-57, west of the city of Greenville, Michigan. Robert Snyder was driving a 1952 Chevrolet pickup truck in a westerly direction on route M-57; the 1952 Chevrolet truck was owned by defendant John Snyder. Defendant Robert Drieberg was driving a 1960 Rambler, owned by Kraft Foods, in a westerly direction behind plaintiff Houck's truck.

Testimony on trial revealed Houck and Drieberg were traveling approximately 50 miles per hour, with Drieberg approximately 200 feet to the rear of Houck's vehicle. Plaintiff Houck contends that when he was about 300 feet east of the point of the collision, he observed a vehicle approaching from the

west with its high-beam headlights operating; and that when his car came within 200 to 240 feet of the impact, the oncoming lights interfered with his vision.

Plaintiff Houck further contends he started to slow his vehicle by removing his foot from the accelerator as his vision became impaired, and that when the vehicle with the bright lights passed his car, he observed an outline of the bed and axle of defendant Snyder's truck stopped on the highway about 100 feet in front of him, without any lights on the rear of the truck.

Houck further testified he immediately applied his brakes, pulled his car to the right partially onto the shoulder of the road, striking the rear portion of defendant Snyder's truck and causing Houck's vehicle to swing around in a southerly direction blocking the westbound traffic lane, at which time defendant Drieberg's vehicle struck the left side of Houck's vehicle.

Plaintiffs' declaration, filed April 10, 1962, alleged negligence on the part of defendant Drieberg for failure to maintain proper lookout and observation on the highway, failure to have his vehicle under control so that it could be stopped within the assured clear distance ahead, and failure to keep and maintain a proper and safe distance to the rear of Houck's vehicle. Plaintiff Houck further alleged defendant Snyder's negligence consisted in failing to have lights operating on the rear of his vehicle, as required by statute,[1] failing to give adequate warning of a stop or turn on the highway; driving carelessly and heedlessly in disregard of others' rights on the highway; creating a sudden emergency situation for the plaintiff by stopping on the road-

_____
[1] CLS 1961, § 257.686 (Stat Ann 1960 Rev § 9.2386); CLS 1961, § 257.688 (Stat Ann 1963 Cum Supp § 9.2388); CLS 1961, § 257.697 (Stat Ann 1960 Rev § 9.2397).

way without lights. Plaintiff Houck also alleged gross negligence by defendant Snyder in allowing his vehicle to be driven in the nighttime without lights on the rear.

Defendant Snyder filed an answer denying negligence and alleging the sole and proximate cause of the collision was Houck's negligence in failing to drive his vehicle at a speed so as to permit him to stop within the assured clear distance ahead. However, Robert Snyder testified that he knew his truck had no lights on the rear on the evening of the accident, and that he made no effort to warn traffic behind him.

Defendants Drieberg and Kraft Foods filed their answer and affirmative defenses, alleging plaintiff Houck was guilty of negligence which was the proximate cause of the collision between them in that he failed to stop in the assured clear distance ahead,[2] failed to operate his vehicle at a careful and prudent speed[3] and on the right half of the roadway,[4] failed to make proper observation of vehicles ahead of him in time to avoid hitting them, failed to give a timely signal of his intention to stop or turn,[5] and followed defendant Snyder's vehicle too closely,[6] all in violation of the Michigan vehicle code.

The case was tried to a jury. Motions were made during trial by the defendants for directed verdict. These were reserved and the case submitted. Verdicts in favor of plaintiff Houck in the sum of $1,608 and the Allstate Insurance Company in the sum of $426.18 against defendant Snyder were rendered. A verdict of no cause for action was rendered by the jury in favor of defendants Drieberg and Kraft Foods.

---

2 CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327).
3 CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327).
4 CLS 1961, § 257.634 (Stat Ann 1960 Rev § 9.2334).
5 CLS 1961, § 257.648 (Stat Ann 1960 Rev § 9.2348).
6 CLS 1961, § 257.643 (Stat Ann 1960 Rev § 9.2343).

Defendant Snyder renewed his motion for a directed verdict and judgment *non obstante veredicto,* and the trial court rendered its opinion granting defendant Snyder's motion for judgment *non obstante veredicto.*

Plaintiffs filed a motion for new trial as to defendants Drieberg and Kraft Foods, alleging the court committed prejudicial error in failing to instruct the jury, although so requested, that defendant Drieberg had a duty under the statute not to follow plaintiff's vehicle too closely,[7] and in failing to instruct the jury that as to defendants Drieberg and Kraft Foods there was a statutory presumption in favor of plaintiff Houck that defendant Drieberg was negligent under the rear-end-collision statute.[8]

Plaintiffs also contended in the motion that the court erred in charging the jury that plaintiffs' recovery would be barred if Houck failed to have his car under such control that he could stop immediately, if necessary, and in neglecting to make that charge, if proper, applicable to defendant Drieberg. Plaintiffs claimed that the charge was in error as to Drieberg's actions as well as Houck's. The trial court entered an order denying plaintiffs' motion.

Subsequently, plaintiffs filed a motion for a limited new trial for damages only against defendant Snyder, contending the court erred in charging the jury regarding the mortality tables. The motion was denied.

This appeal is taken from the circuit court order granting defendant Snyder's motion for judgment *non obstante veredicto,* from the order denying plaintiffs' motion for limited new trial as to damages against defendant Snyder, and from the order denying plaintiffs' motion for new trial as to defendants Drieberg and Kraft Foods.

---

[7] CLS 1961, § 257.643 (Stat Ann 1960 Rev § 9.2343).

[8] CLS 1961, § 257.402 (Stat Ann 1960 Rev § 9.2102).

On appeal, plaintiffs raise two questions:

1. Was plaintiff driver guilty of negligence proximately causing the accident, as a matter of law, such as to justify the granting of defendant Snyder's motion for judgment *non obstante veredicto?*

2. Under the facts in this case, was it prejudicial error requiring a new trial as to defendants Drieberg and Kraft Foods for the trial court to refuse, though requested, to instruct the jury upon plaintiffs' theories of negligence and proximate cause as to said defendants with respect to the following-too-closely statute and the rear-end-presumption statute?

A careful review of the record in this case discloses that Robert Snyder knew the lights on the rear of his truck were not working, as required by statute; that he made no effort to warn traffic behind him and gave no signal nor warning of his intention to stop or make a left turn.

Defendant Snyder contends that plaintiff Houck traveled 140 to 150 feet while blinded by the oncoming headlights and during that time he eased off on the accelerator so as to only reduce his speed to between 40 and 50 miles per hour, but made no attempt whatsoever to apply his brakes and did not apply them until he was 100 feet away from the point of impact, at which time the oncoming lights passed Houck and he saw the stopped truck for the first time.

We examine the record in the light most favorable to plaintiff on an appeal from the trial court's order granting defendant's motion for judgment *non obstante veredicto.* See *Dismukes* v. *Michigan Express, Inc.,* 368 Mich 197; *Fitzpatrick* v. *Ritzenhein,* 367 Mich 326.

Examining the record in this light, it discloses Houck was traveling approximately 50 miles per

hour (well within the speed limit), his low-beam headlights operating as required by law with oncoming traffic approaching him, he was able to see more than 100 feet ahead of his vehicle prior to the emergency created by the approaching bright lights, which emergency was not of his own making. Immediately after the emergency was removed, he observed the unlighted truck, and in the interval of less than 2 or 3 seconds applied his brakes, reduced his speed, and turned to the right side of the highway.

The above facts, controverted in part we admit, were sufficient so that the jury could have found, under the circumstances in this case, that plaintiff Houck was not guilty of violating the assured-clear-distance statute, was not guilty of contributory negligence, and was entitled to recover for the damages he suffered. It was for the jury and not the court to make this determination. The case required a submission to the jury of the question of proximate cause and contributory negligence, as reasonable men might differ on the findings.

The trial court apparently held in the opinion granting defendant Snyder's motion for judgment *non obstante veredicto*, that when a person is blinded by oncoming lights he should immediately get his car under control so that he can stop within the assured clear distance ahead.

We again adopt the reasoning in *Dismukes, supra*, where it is stated (p 204):

"This Court has repeatedly held that a reasonable construction must be placed upon the assured clear distance statute. *Bard* v. *Baker*, 283 Mich 337; *Cookson* v. *Humphrey*, 355 Mich 296; and *Sun Oil Company* v. *Seamon*, 349 Mich 387, where we stated (pp 411, 412):

" 'The statute (assured clear distance) must be reasonably construed. A literal reading thereof

would compel us to say that in every case of collision the statute has been violated by the mere fact of collision alone. The driver has either been going too fast, or, if driving at a reasonable speed, has permitted his attention to wander and thus has not perceived the obstruction in time to stop. Such literal interpretation would make the driver an insurer against any collision in which he might become involved. We cannot assume that the legislature intended such a result. The situations under which collisions occur are infinite in complexity and variety, and, to accomplish justice in particular cases, *we have been forced to create a number of exceptions to the statutory edict.'"* (Emphasis supplied.)

One of these exceptions is set forth in *Earley* v. *Sutherby,* 341 Mich 77, 82, where this Court restated its finding in *Patt* v. *Dilley,* 273 Mich 601, 605:

" 'If plaintiff was not there before defendant was blinded, then the question of when defendant should have seen him was a matter of fact for the jury.' "

See, also, annotations in 22 ALR2d 292, 298, on "Automobiles-Blinding Lights," dealing with the strict rule and the exception above referred to:

"Such considerations have caused considerable dissatisfaction with the rule requiring the blinded motorist to stop, and while some courts continue to apply it with considerable strictness, others have rejected it for the rule that the duty of a motorist so blinded is determinable by the standard of the ordinary care exercised by a reasonably prudent person under the same circumstances, and others, while recognizing the rule as generally controlling, have held that it must be applied in the light of the particular circumstances prevailing at the time, and that it is subject to a number of exceptions and qualifications, depending upon such factors as traffic conditions, such as whether the blinded motorist was closely followed by another car, the nature and

visibility of the object obstructing the road, and the suddenness of the blinding."

Erroneously, these exceptions were not taken into consideration by the trial court in its opinion granting Snyder's motion for judgment *non obstante veredicto*.

A reading of the record indicates there was sufficient evidence from which the jury could have found Robert Snyder's negligence on the night of the accident was a proximate cause of plaintiffs' damages. The trial court was clearly in error in granting the motion for judgment *non obstante veredicto*.

We find no reversible error in the trial court's instructions regarding the mortality tables and future pain and suffering of plaintiff Houck.

The next question we consider is whether the trial court committed reversible error in failing to instruct the jury regarding plaintiffs' theories of negligence and proximate cause as to defendants Drieberg and Kraft Foods with respect to the following-too-closely statute and the rear-end-presumption statute.

It must first be observed that plaintiffs did object after the jury had retired to the omission of the requested charge as to the following-too-closely and rear-end-collision statutes. While present practice demands earlier objection, the former practice did not. See *Smith* v. *Musgrove*, 372 Mich 329; GCR 1963, 516.2.

Defendants Drieberg and Kraft Foods contend in their brief:

"The undisputed speed at which both plaintiff Houck and defendant Drieberg were traveling was 50 miles per hour, requiring a stopping distance somewhere between 186 feet and 291 feet."

Exhibit 4 relating to stopping distances indicates a vehicle traveling 45 miles per hour requires 186

feet to stop, while a vehicle traveling 55 miles per hour requires 291 feet to stop. Defendant Drieberg's own calculations would require in excess of 200 feet to stop at 50 miles per hour.

The testimony of defendant Drieberg is less than clear wherein he states the distance he maintained to the rear of the Houck vehicle was 200 feet or 9 or 10 car lengths, at which time he first saw Houck's rear brake lights, and thereafter struck Houck's vehicle at a speed of 10 to 15 miles per hour.

It is the opinion of this Court under the physical facts of this case, as controverted by the parties, that a question for the jury arose under the following-too-closely statute, and the jury should have been properly instructed regarding plaintiffs' theory under the statute. This Court cannot hold the following-too-closely statute inapplicable where reasonable men may differ concerning distances and speeds traveled within a 2-to-3-second time period. See *Rossien* v. *Berry,* 305 Mich 693. It was the duty of the trial court to present to the jury the substantial issues in this case raised by the pleadings and controverted on the trial thereof, including theories of both plaintiffs and defendants if supported by any evidence.

The final question for our determination is whether the trial court committed reversible error in failing to instruct the jury on the rear-end-presumption statute, as to defendant Drieberg.

We again repeat that when reasonable minds might differ regarding the facts of an accident, both parties are entitled to have their theory of the case, if supported by any evidence, presented to the jury with proper instructions.

It was for the jury in the instant case to determine the speeds of the vehicles, the distance at which Drieberg was following Houck, the application of

the stopping distance chart to the physical facts and, therefore, the negligence or contributory negligence of the parties if such was a proximate cause of the accident.

Under the facts in this case, the test of *Garrigan* v. *LaSalle Coca-Cola Bottling Company,* 362 Mich 262, was not satisfied, in that before the trial court eliminated the statutory presumption as a matter of law from the jury's consideration, clear, positive and credible evidence opposing the presumption was not presented.

Reversed and remanded for new trial as to defendants Drieberg and Kraft Foods.

The order of the lower court granting judgment *non obstante veredicto* is reversed, and the case remanded for entry of judgment in accordance with the jury's verdict as to defendant Snyder.

Costs to plaintiffs.

BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred with T. M. KAVANAGH, C. J.

DETHMERS, J. (*dissenting*). As appears in the statement of facts in the Chief Justice's opinion, which are adequately stated therein and need not here be repeated, plaintiff Houck seems to have had a penchant for doing for each of the defendants, respectively, what the other defendant did for him; namely, run into the rear of the defendant ahead of him and be hit from behind by the defendant following him. The Chief Justice opines that for all of this the plaintiffs should be entitled to a jury crack at both. I respectfully disagree and favor affirmance of the trial court's entry of judgment *non obstante veredicto* in favor of defendant Snyder and denial of plaintiffs' motion for new trial as to defendants Drieberg and Kraft Foods.

In my view, the case of *Rueger* v. *Hamling,* 355 Mich 489, and the considerable number of cases therein cited, holding it to be negligence as a matter of law to drive in violation of the statutory prohibition against driving at a speed greater than will permit stopping within the assured clear distance ahead, are controlling of decision here that plaintiff Houck was guilty, as a matter of law, of contributory negligence which was a proximate cause of the 2 accidents and his resulting damages, barring his right, and that of his insurer-subrogee, to recover in this case. Accordingly, the judgment *non obstante veredicto* was properly entered in favor of defendant Snyder. Plaintiff's contributory negligence, having been a proximate cause, also, of the collision with the Drieberg-Kraft Foods vehicle, bars, as well, plaintiffs' right to recover against the latter defendants, rendering discussion of plaintiffs' claims of error in instructions to the jury unnecessary.

The judgment should be affirmed. Costs to defendants.

KELLY and O'HARA, JJ., concurred with DETHMERS, J.