MYSLIWIEZ *v.* NEWARK-FERGUSON ELECTRONICS, INC.

1. CONTRACTS — EMPLOYMENT — INSURANCE PLAN — COVERAGE — INCREASE COVERAGE — DUTY — EVIDENCE.

   Uncontroverted evidence that defendant employer had a joint contribution life insurance plan by which salesmen were insured for $4,000 and supervisors for $10,000, that the employer was responsible for notifying the insurer of any changes in an employee's status, including promotions, that an employee salesman had authorized defendant to deduct his share of the premium, that the employee was promoted to supervisor, and that defendant did not notify the insurer of the employee's promotion, and evidence that the promotion had passed the probationary stage, as against defendant's claim that the promotion was still probationary and testimony that it was the employer's policy not to increase the insurance coverage on probationary supervisors was sufficient for a jury to find that defendant had a duty to increase the coverage on the employee.

———————

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 922–925.
[2] 29 Am Jur 2d, Evidence § 252.
[3, 4] 53 Am Jur, Trial § 510 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 545.
[6] 22 Am Jur 2d, Damages § 179 *et seq.*

2. EVIDENCE—COLLATERAL MATTERS—ADMISSIBILITY—DISCRETION.

Evidence that plaintiff wife had instituted a divorce action against her husband, an employee of defendant, offered to show emotional instability of the husband as a reason for his claimed probationary status as a supervisor in defendant's employ, was collateral to the issue which was whether the husband had completed his probationary service, and refusal to admit it was not an abuse of discretion, particularly where defendant was allowed to introduce other testimony to support its claim.

3. CONTRACTS — EMPLOYMENT — INSURANCE PLAN — GRATUITY — EVIDENCE — INSTRUCTIONS TO JURY.

Refusal to instruct the jury that if they found defendant employer's life insurance plan was a gratuity to employees they should return a verdict for defendant in an action for failure to increase coverage according to the plan was proper where the evidence adduced showed that the plan was part of an employee's compensation and defendant adduced no evidence to show that it was a gratuity.

4. EVIDENCE — PRESUMPTIONS — PAYCHECK — CASHING — INSURANCE — EMPLOYEE — INSTRUCTIONS TO JURY.

Cashing of paycheck by an employee does not create a presumption that the employee knew the amount of insurance premium deducted from his pay or the amount of the insurance coverage provided when the employee is dead and refusal to instruct the jury that there is such a presumption was correct in a case where the duty to provide coverage was part of the employment contract and the knowledge of the employee was irrelevant.

5. APPEAL AND ERROR—RAISING QUESTION—PRESERVING QUESTION.

The issue of plaintiff's standing to sue as a third-party beneficiary of an employment contract or otherwise will not be considered on appeal when it is not raised before or during trial.

6. JUDGMENT—INTEREST.

A trial court may add interest to an award of damages where (1) it is obvious the jury has failed to award interest, (2) where the claim is liquidated, and (3) where the interest is not a part of the damages but a mere legal incident to the plaintiff's action (MCLA § 438.7).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 February 6, 1970, at Lansing. (Docket No. 6,826.)   Decided March 25, 1970.

Complaint by Steven W. Mysliwiez, guardian of Nancy Emily Dotson, a minor, widow of William Dotson, against Newark-Ferguson Electronics, Inc., employer of William Dotson, for the recovery of full benefits under a life insurance policy.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Soma, Oster & Hoste,* for plaintiff.

*Greenberg & Greenberg,* for defendant.

Before: LESINSKI, C. J., and McGREGOR and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   Defendant Newark-Ferguson Electronics, Inc., appeals from a jury verdict and judgment awarding the widow of a deceased employee, William Dotson, $6,000 in damages, the difference between the life insurance in effect at the time of Dotson's death and the life insurance that would have been in effect but for the defendant's failure to apply for it.   None of defendant's six allegations of error, stated in order below, is of merit, and we affirm.

1. *There is no evidence of a duty to apply for an increase in coverage.*

This allegation is belied by the record.   It was uncontroverted that under a joint contribution plan with Canada Life Assurance Co., the defendant provided its salesmen with coverage of $4,000, and its supervisors with coverage of $10,000; that under the plan, the defendant was responsible for notifying the insurer of any changes in an employee's status,

including promotions; that while a salesman, Dotson had authorized the defendant to deduct his share of the premium; and that the defendant did not notify the insurer of Dotson's promotion to supervisor. Defendant's controller conceded Dotson's being promoted from salesman to supervisor on October 14, 1966, but claimed that the promotion was probationary up to and including the time of Dotson's death on March 6, 1967. According to the controller, it was the defendant's unwritten policy not to increase the insurance coverage of a probationary supervisor. To counter this self-serving testimony, the plaintiff acknowledged that the promotion had been probationary during the first month—Dotson receiving a salesman's salary while performing the duties of a supervisor—and then offered evidence showing that by November 9, 1966, the promotion was no longer probationary. This evidence consisted of testimony that Dotson began receiving a supervisor's salary on November 16; two inter-office memos, one of October 14, 1966, announcing Dotson's appointment as a "temporary store supervisor," and one of November 9, 1966, announcing without qualification Dotson's appointment as a "store supervisor" effective that date; and finally an organizational chart designating Dotson's position as "store supervisor." The jury's finding is amply supported by the evidence.

2. *The court erred by barring as irrelevant evidence of a divorce action instituted by Nancy Dotson and pending at the time of Dotson's death.*

According to the defendant this evidence is relevant, since, so it is argued, Dotson's marital troubles caused in him a certain emotional instability, and this instability was, in turn, the cause of his probation.

Whether Dotson's marital troubles indeed caused a certain emotional instability, and whether the emotional instability was indeed the cause for his probation are collateral issues, and therefore the admission of evidence concerning these issues was within the sound discretion of the court. *City of Detroit* v. *Porath* (1935), 271 Mich 42, 64, 66. We perceive no abuse of that discretion, especially since the defendant was given an opportunity to establish its claim of probation with the controller's testimony.

3. *The court erred by declining to instruct the jury that should they find the insurance plan to be a gratuity, they should return a verdict for the defendant.*

No evidence was adduced by the defendant showing the plan to be a gratuity rather than what it appeared to be from the evidence adduced—part of the compensation due a management employee. Consequently, the instruction would have been unsupported by the evidence and improper. *Tortora* v. *General Motors Corporation* (1964), 373 Mich 563. Moreover, the court did tell the jury in a general instruction that they should return a verdict for the defendant should they find the defendant was not under a duty to apply for increased coverage. We find no error.

4. *The court erred by declining to instruct the jury that Dotson's cashing of his paychecks gives rise to a presumption that Dotson knew the coverage amounted to only $4,000.*

Dotson's paychecks bore a notation of the amount deducted from his salary as his share of the premium. The amount noted equalled his share of the premium required for $4,000 in coverage. In light of these notations, the defendant submitted the following request to charge:

"You are instructed that the cashing of payroll checks by William G. Dotson creates a presumption that William G. Dotson knew the amount of insurance premium deducted from his payroll."

The court declined the request, saying:

"Section B of this relates to a requested instruction that the cashing of a payroll check, checked by the decedent, created a presumption that the decedent knew the amount of the insurance premium deducted from his salary, and likewise the amount of the coverage therefore obtained. An attempt to draw any presumption from the proof offered, would have been purely speculative. The employee, now the decedent, being non-available, it is impossible to do other than speculate what knowledge, if any, he may have had."

We do not differ with this ruling. For all anyone knows, Dotson believed his share remained constant with an increase in coverage. In any event, Dotson was entitled to $10,000 in coverage and had a right under the insurance plan to rely on the defendant to take whatever steps were necessary for the increase in coverage. What he believed his coverage was is irrelevant.

5. *Nancy Dotson is without standing to sue, either as a third-party beneficiary of the insurance plan or otherwise.*

The issue was not raised before or during trial, and consequently will not be considered on appeal. *Poss* v. *Rossen-Poss Agency, Inc.* (1966), 3 Mich App 726, 729.

6. *The court exceeded its authority by adding interest to the jury's award on its own motion.*

In *Gottesman* v. *Fea-Bea Construction Co.* (1959), 355 Mich 6, the Supreme Court held that a trial court may add interest to an award "where, (1) it is obvious the jury has failed to award interest, (2) where

the claim is liquidated, and (3) where the interest is not a part of the damages but a mere legal incident to the plaintiff's action." As in *Gottesman,* the court in the present case did not instruct the jury on interest, and therefore it seems likely that the jury failed to take interest into account. The damages in the present case, if any, were equal to the difference between the coverage in effect and the coverage that would have been in effect but for the defendant's failure to apply for it, that is, $6,000, and therefore the damages were liquidated. And finally, the interest was added pursuant to MCLA § 438.7 (Stat Ann 1964 Rev, § 19.4) and was therefore merely incidental to Nancy Dotson's action. Again we find no error.

Affirmed.

All concurred.